## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

_____

**In Re:**

**Weston B. Banta,**

**Bankruptcy Case
No. 17-40701-JDP**

**Debtor.**

_____

### MEMORANDUM OF DECISION

_____

**Appearances:**

William R. Forsberg and Dylan Anderson, FORSBERG LAW
OFFICES, CHTD., Rexburg, Idaho, Attorneys for Debtor
Weston B. Banta.

Thomas Daniel Smith, SERVICE & SPINNER, Pocatello,
Idaho, Attorney for chapter 7 trustee R. Sam Hopkins.

### *Introduction*

Chapter 7[1] trustee, R. Sam Hopkins ("Trustee"), objected to the

homestead exemption claim made by debtor Weston B. Banta ("Debtor") in

_____

[1]  Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all rule references are to the Federal
Rules of Bankruptcy Procedures, Rules 1001-9037.

MEMORANDUM OF DECISION – 1

a parcel of bare ground.  Debtor responded to the objection, a hearing was

conducted, and the issues were taken under advisement.  The Court has

considered the parties' briefs, arguments, and the evidence admitted, as

well as the applicable law.  This Memorandum constitutes the Court's

findings of fact, conclusions of law, and disposition of the issues.  Rules

7052; 9014.

### *Facts*[2]

At some point in time, Debtor purchased an unimproved lot located

on Saddle Horn Drive in Idaho Falls, Idaho (the "Land").  Ex. 201.  Debtor

arranged for power and gas to be provided to the Land, had it leveled, and

made inquiries about obtaining water and irrigation for the Land.  Aff. of

Weston Banta at ¶ 3, Ex. 101.

On August 10, 2016, Debtor recorded a Declaration of Homestead

---

[2] The facts are derived from an oral stipulation recited on the record at the
hearing by the parties' attorneys, the exhibits admitted in evidence, as well as
Debtor's testimony at the § 341(a) creditor meetings in this case.

MEMORANDUM OF DECISION – 2

(the "Declaration") concerning the Land.[3]  Decl. of Homestead, Ex. 200.

The parties stipulated that Debtor intends to construct a home and reside

on the Land in the future.

On August 7, 2017, Debtor filed a chapter 7 petition.  Dkt. No. 1.  In

his schedules, he listed his address as 1425 Presto #6, Idaho Falls, Idaho,

and he listed his fee simple ownership interest in the Land.  *Id*.  Debtor

valued the Land at $100,000.  *Id*.  The Land is encumbered by a deed of

trust in favor of TJ-2 Holdings, LLC to secure a note with a balance due of

$31,491.04.  *Id*.  Debtor claimed the Land exempt as a homestead in his

schedule C pursuant to Idaho Code §§ 55-1001 – 1003.  In his Statement of

Financial Affairs, Debtor indicated he intended to retain the Land.  *Id*.

In Debtor's Statement of Financial Affairs, he further disclosed that,

---

[3]  The Declaration recites that the street address of the Land is 190 Sunny
Heights Lane, Idaho Falls, Idaho.  Ex. 200.  During the continued § 341(a)
meeting of creditors, Debtor explained that the reference in the Declaration to
Sunny Heights Lane must have been a mistake; Saddle Horn Drive is the correct
name of the street where the Land is located.  The legal descriptions in the
Declaration and in Debtor's bankruptcy schedules are the same.  In addition,
Trustee has not argued the Declaration is invalid because of the address it recites.
Therefore, the Court accepts Debtor's explanation and assumes that the
Declaration was intended to reference the Saddle Horn Drive address.

MEMORANDUM OF DECISION – 3

from 2005 - 2016, including on the date he filed the Declaration, his primary residence was a home he owned at 2652 East 900 North in Roberts, Idaho ("the Roberts Home"). *Id.* Debtor testified at the § 341(a) meeting of creditors that he moved out of the Roberts Home in January 2017 when he married and moved into his spouse's condominium on Presto in Idaho Falls. Debtor sold the Roberts Home on May 2, 2017. Ex. 203.

Trustee filed an objection to Debtor's claim of homestead in the Land. Dkt. No. 29. Debtor responded. Dkt. No. 34. The Court conducted a hearing on December 12, 2017. Dkt. No. 43.

### *Analysis and Disposition*

A.    Exemptions Under the Bankruptcy Code

When a bankruptcy petition is filed, an estate is created consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). Generally, property of the estate is sold by the chapter 7 trustee to generate funds to distribute to a debtor's creditors. However, the Code allows individual debtors to claim certain

MEMORANDUM OF DECISION – 4

types of property as "exempt" from the bankruptcy estate, and thereby

shield that property from liquidation by the trustee. *See* § 522(b)(1). While

the Code provides a list of potentially exempt property, it authorizes states

to "opt out" of this federal exemption scheme and to restrict exemptions

for debtors living in those states to what is available under state law. *See*

§§ 522(b)(2)-(3). Idaho has opted out of the federal exemptions. Idaho

Code § 11-609. Therefore, Idaho's exemption laws control what property

Debtor may exempt in this case.

  As the objecting party, Trustee bears the burden of proving that

Debtor's claim of exemption is not proper. Rule 4003(c); *Carter v. Anderson

(In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999); *In re Colafranceschi*, 577

B.R. 817, 826 (Bankr. D. Idaho 2017). The validity of a claimed exemption

is determined as of the date of filing of the bankruptcy petition.

§ 522(b)(3)(A); *Culver, L.L.C. v. Chiu (In re Chiu)*, 266 B.R. 743, 751 (9th Cir.

BAP 2001); *In re Yackley*, 03.1 I.B.C.R. 84, 84 (Bankr. D. Idaho 2003).

Exemption statutes are to be liberally construed in favor of the debtor. *In

re Colafranceschi*, 577 B.R. at 826 (citing *In re Kline*, 350 B.R. 497, 502 (Bankr.

MEMORANDUM OF DECISION – 5

D. Idaho 2005) (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001))). However, the language of an exemption statute may not be "tortured" in the guise of liberal construction. *In re Wiley*, 352 B.R. 716, 718 (Bankr. D. Idaho 2006) (citing *In re Collins*, 97.3 I.B.C.R. 78, 79 (Bankr. D. Idaho 1997).

B.    Idaho's Homestead Exemption

Under Idaho law, a debtor may claim an exemption in a qualifying homestead. Idaho Code § 55-1001, *et seq.*; *In re Cerchione,* 398 B.R. 699, 703 (Bankr. D. Idaho 2009), *aff'd,* 414 B.R. 540 (9th Cir. BAP 2009). A homestead consists of the dwelling house or mobile home in which the owner resides, or intends to reside, together with the land that surrounds the dwelling. Idaho Code § 55-1001(2). A homestead may also be claimed in unimproved land owned with the intention of placing a house or mobile home on it and residing there. *Id.* Fundamentally, though, a homestead must be actually intended or used as a principal residence for the owner. *Id.* If properly established and claimed, the owner may exempt up to $100,000 of equity in a homestead. Idaho Code § 55-1003.

MEMORANDUM OF DECISION – 6

There are two methods by which a homestead may be established under the Idaho statutes.  First, a homestead exemption automatically arises when a debtor occupies a home as a principal residence.  Idaho Code § 55-1004(1) (providing that a homestead exemption arises automatically "from and after the time the property is occupied as a principal residence by the owner . . . ").  Second, a homestead can also be established in either unimproved or improved land that the owner does not yet occupy, when the owner executes and records a declaration of homestead in the county where the property is located.  Idaho Code § 55-1004(1).  However, if the claimant owns and resides on property other than that he or she claims as a homestead, the owner must also execute and record a declaration abandoning any automatic homestead on the occupied property.  *Id.*  The statutes prescribe the contents for both a declaration of homestead, and a declaration of abandonment.  Idaho Code § 55-1004(3) and (4).

C.      Arguments and Analysis

Trustee argues that Debtor's homestead exemption claim should be disallowed for two reasons.  First, Trustee contends that because Debtor

MEMORANDUM OF DECISION – 7

did not execute and record a declaration of abandonment of his automatic

homestead exemption on the Roberts Home, Debtor's attempt to exempt

the Land via the Declaration was ineffective.  Second, Trustee argues that

the Declaration Debtor signed and recorded is facially deficient and

invalid.

Debtor argues that, under these facts, no declaration of

abandonment was required to be filed as a condition to his establishment

of a homestead via the Declaration on the Land.  Debtor also insists that

the contents of the Declaration were legally adequate to comply with Idaho

law.

1. *A Declaration of Abandonment Was Not Required.*

The parties agree that, because Debtor owned and occupied the

Roberts Home as his principal residence for several years, an automatic

homestead exemption existed as to that property under Idaho law.

However, on August 10, 2016, while he still owned and resided in the

Roberts Home, Debtor filed a Declaration claiming the Land exempt as his

homestead.  Arguably, at that point, Debtor benefitted from two

MEMORANDUM OF DECISION – 8

homestead exemptions.  But, of course, Idaho law does not permit this.  *In re Hale*, 2004 WL 4960381 at *4 (Bankr. D. Idaho Aug. 26, 2004) ("Idaho Code § 55-1001 contemplates that only one dwelling, and only one homestead exemption, may be claimed per person or per married couple."); *In re Tiffany*, 106 B.R. 213, 214 (Bankr. D. Idaho 1989) (Idaho Code § 55-1001 "contemplates only one dwelling, subject to only one homestead claim of exemption . . . .).

As noted above, to immediately establish a homestead exemption in the Land, Debtor could have abandoned his existing automatic homestead on the Roberts Home by executing and recording a declaration of abandonment in the county where the automatic homestead property is located.  Idaho Code § 55-1004(2).  As the Court has explained:

> if an owner "selects a homestead from unimproved or improved land that is not yet occupied as a homestead," he or she must execute and record a declaration of homestead and, "if the owner also owns another parcel of property on which the owner presently resides or in which the owner claims a homestead, the owner *must also* execute [and record] a declaration of abandonment of homestead on that other property."

MEMORANDUM OF DECISION – 9

*In re Gardner*, 417 B.R. 616, 622 (Bankr. D. Idaho 2009) (quoting *Thorp v. Gugino*, 09.3 I.B.C.R. 4 (D. Idaho 2009); Idaho Code § 55–1004(2)) (emphasis supplied). And Debtor's automatic homestead would have been presumed to be abandoned, even without recording a declaration, had Debtor vacated the Roberts Home for a continuous period of at least six months. Idaho Code § 55-1006. Because Debtor did not either record a declaration of abandonment, nor vacate the Roberts Home, his homestead exemption on the Land claimed in the Declaration was not immediately effective.

However, as discussed above, under Idaho law, a house is protected by the automatic homestead exemption only if it is the debtor's principal residence. Idaho Code § 55-1004(1); *In re Capps*, 438 B.R. 668, 674 (Bankr. D. Idaho 2010). The Idaho statutes also make it clear, as a matter of definition, that a homestead exemption can only exist in favor of the "owner" of the property claimed exempt. *See* Idaho Code § 55-1001(2) (specifying that a homestead consists of the house and land "in which the owner resides or intends to reside . . . ." and requiring that a homestead "must be actually

MEMORANDUM OF DECISION – 10

intended or used as a principal home for the owner.").[4]

Trustee's argument that the Declaration was ineffective to establish a homestead exemption when it was recorded is correct, as far as that goes. However, Trustee's argument fails to take into account the facts occurring *after* the Declaration was recorded, and that existed at the time Debtor's bankruptcy petition was filed.  By that time, Debtor had sold and moved out of the Roberts Home.  When he did, Debtor's automatic homestead ceased to exist because Debtor no longer owned or actually used the Roberts Home as his principal residence.[5]  When that occurred, because Debtor had no competing homestead exemption, he could claim one in the Land via the Declaration.

Trustee insists that, as a condition to the Declaration's effectiveness,

---

[4]  Interestingly, while Idaho Code § 55-1001(4) defines "owner" for purposes of the homestead exemption statutes, that definition is nonexclusive, and instead "includes, but is not limited to, a purchaser under a deed of trust, mortgage, or contract, or a person who takes the subject property under a life estate."

[5]  Debtor did not establish another automatic homestead exemption when he moved into his spouse's condominium because, while he resided there, he was not the owner of the property.

MEMORANDUM OF DECISION – 11

Debtor was required to first file a declaration of abandonment as to the

Roberts Home automatic exemption.  Because Debtor did not do so,

Trustee contends that the Declaration could never effectively establish a

homestead in the Land.  The Court declines to adopt this reasoning.

First, one must consider the plain language of the homestead statute

allowing a homestead exemption by declaration:

> [a]n owner who selects a homestead from unimproved or
> improved land that is not yet occupied as a homestead must
> execute a declaration of homestead and file the same of record
> in the office of the recorder of the county in which the land is
> located.  *However, if the owner also owns another parcel of property*
> *on which the owner presently resides or in which the owner claims a*
> *homestead, the owner must also execute a declaration of*
> *abandonment of homestead on that other property* and file the same
> for record with the recorder of the county in which the land is
> located.

Idaho Code § 1004(2) (emphasis supplied).  As can be seen, under the

terms of the statute, Trustee is correct that Debtor was required to abandon

the automatic homestead on the Roberts Home in order to effectively claim

an exemption on the Land via the Declaration *at that time*.  *See In re Davis*,

2012 WL 122577 at *4 ("If an owner records a homestead declaration for

MEMORANDUM OF DECISION – 12

unoccupied property, but does not record a declaration of abandonment in occupied property, the homestead by declaration is not valid.") (citing *In re Gardner*, 417 B.R. at 622). However, that the Declaration was not immediately effective to create a homestead exemption on the Land does not mean that the validity of the Declaration was permanently compromised. While the statute requires an abandonment of an *existing* automatic homestead as a condition to creating a new homestead by declaration, if the automatic homestead ceases to exist because the debtor is either no longer the owner of a home, or if the debtor no longer uses that home as a principal residence, no abandonment is needed. In other words, there is no need for an abandonment when there is no potential for dual homesteads.

It is critical to remember here that the Court must evaluate Debtor's exemption claims under the facts existing on the petition date, and not based upon circumstances as they once were. *See Ford v. Konnoff (In re Konnoff)*, 356 B.R. 201, 208 (9th Cir. BAP 2009) ("Where the state has opted out of the federal exemption scheme pursuant to § 522(b), it is the facts of

MEMORANDUM OF DECISION – 13

the case and the state law *applicable on the petition date* that controls a

debtor's exemption rights.") (emphasis in original); *In re Younger*, 373 B.R.

111, 113 (Bankr. D. Idaho 2007).  On bankruptcy petition day, Debtor lived

in a condominium owned by his spouse; he no longer owned the Roberts

Home nor resided in it as his principal residence.  As a result, Debtor could

have only one homestead exemption – the one asserted in the Declaration.

Contrary to Trustee's argument, Debtor's claim to a homestead exemption

was not foreclosed because, at a time in the past, he also had an automatic

homestead exemption in the Roberts Home.

    2.    *Validity of the Declaration*

Since Trustee's argument that Debtor was precluded from

establishing a homestead exemption by declaration fails, the Court must

address the alternative basis for Trustee's objection: that the Declaration in

this case was facially deficient because it did not recite that Debtor

intended to reside on the Land in the future.  Trustee founds his position

on the terms of the exemption statute, and this time, Trustee's argument

has merit.

MEMORANDUM OF DECISION – 14

The Idaho homestead exemption statute is specific about the

required contents for a declaration of homestead.  It provides:

> The declaration of homestead must contain:
> (a) A statement that the person making it is residing on the
> premises or intends to reside thereon and claims the premises
> as a homestead;
> (b) A legal description of the premises; and
> (c) An estimate of the premises actual cash value.

Idaho Code § 55-1004(3).  Here, there is no issue about the latter two

requirements of the statute.  The Declaration, as signed and recorded by

Debtor, contains both a legal description of the Land and Debtor's estimate

of its actual cash value.  The Declaration also clearly states that Debtor

claims the Land as a homestead.  Trustee's attack targets the lack of a

precise statement in the Declaration evidencing Debtor's intention to

eventually reside on the Land.

The requirements in the statute for the contents of a declaration of

homestead have, in the past, been rigidly enforced.  *In re Thorp*, 09.3

I.B.C.R. 90, 92 (D. Idaho 2009) (declaration of homestead did not include an

estimate of the actual cash value of the property, nor did it contain facts

MEMORANDUM OF DECISION – 15

from which a finding of the actual cash value of the property could be

made, and thus the declaration was insufficient to create a homestead.)

And in particular, this Court has strictly construed the requirement that a

homestead declaration recite that the debtor resides, or intends to reside,

on the premises.

For example, in *In re Taggart*, 2009 WL 3571254 (Bankr. D. Idaho Oct.

27, 2009), the debtors filed a declaration of homestead concerning a parcel

of bare ground which stated "[p]lease accept this as notice of **Declaration**

**of Homestead Exemption**" on the property. *Id*. at *3  (emphasis in

original).  The recorded declaration contained a legal description of the

property, as well as an estimate of its actual cash value, but it did not

include any statement evidencing the debtors' intent to reside on the

property, although they testified at a hearing they intended to live there in

the future.  Sustaining the trustee's objection to the exemption claim, the

Court held that the declaration was deficient on its face and therefore

ineffective to create a homestead exemption.  *Id*. (citing *In re Thorp*, 09.3

I.B.C.R. 90, 92 (D. Idaho 2009)).  The Court explained that a statement

MEMORANDUM OF DECISION – 16

about the debtors' intent was a critical requirement for an effective declaration because the statute intended, when it was recorded, to "provide notice to the public at large concerning a landowner's intentions with regard to using [the land] as their homestead." *In re Taggart*, 2009 WL 3571254 at *3.

Here, as in *In re Taggart*, Debtor's testimony, and the parties' stipulation, both indicate it was Debtor's intent to one day reside on the Land. Debtor's conduct in improving the Land further evidence his intention. However, the legal issue raised by Trustee focuses solely on the form of the Declaration when compared to the requirements of the statute; extraneous evidence of Debtor's intent is of no moment. And the Declaration is obviously defective because it contains no statement from which this Court, or the public at large, may infer Debtor's intent to one day reside upon the Land. *See In re Thorp*, 09.3 I.B.C.R. at 92.

Debtor disagrees and attempts to nuance the definition of "homestead" in the Idaho statutes by arguing that the Declaration need not contain an express statement of his intent. He points out that, under

MEMORANDUM OF DECISION – 17

Idaho law:

> "Homestead" means and consists of the dwelling house or the
> mobile home in which the owner resides or intends to reside,
> with appurtenant buildings, and the land on which the same
> are situated and by which the same are surrounded, or
> improved; or unimproved land owned with the intention of
> placing a house or mobile home thereon. ... *Property included in*
> *the homestead must be actually intended or used as a principal home*
> *for the owner.*

Idaho Code § 55-1001(2) (emphasis supplied); *In re Kline*, 350 B.R. 497, 502

(Bankr. D. Idaho 2005) ("to qualify as a homestead eligible for an

exemption, the dwelling house must be one in which the owner resides or

intends to reside, and either actually used or intended to be used as the

owner's principal home.")  Debtor contends that since the statutory

definition of "homestead" requires that the subject property "be actually

intended or used as a principal home for the owner," and because he

specifically stated in the Declaration that he intended to claim the Land as

a homestead, then he has implicitly satisfied the technical requirements of

the statute.

      The Court can not endorse Debtor's position for two reasons.  First,

MEMORANDUM OF DECISION – 18

Idaho Code § 55-1004(3) lists what a proper declaration *must* include.  In
doing so, it requires the declaration to contain both a statement that the
declarant is residing on the premises, or intends to reside there, *and* that
the declarant claims the premises as a homestead.  Idaho Code § 55-
1004(3)(a).  Because the statute plainly demands two separate statements,
the Court declines to reason that one of those statements can be implied
from the presence of the other in a declaration.  Indeed, if the declarant's
intent to reside on the property is inherent in the statement that the
property is claimed as a homestead, the additional requirement in the
statute would be meaningless.  The Court must not read a statute in a
manner rendering its language superfluous.  *Chubb Custom Ins. Co. v. Space
Systems/Loral, Inc.*, 710 F.3d 946, 966 (9th Cir. 2013) ("It is a well-established
rule of statutory construction that courts should not interpret statutes in a
way that renders a provision superfluous."); *In re Nelson*, 291 B.R. 861, 869
(Bankr. D. Idaho 2003) ("A statute should not be interpreted so as to render
one part inoperative, superfluous, or insignificant.")

Second, the statute requires "a statement" of the declarant's intent to

MEMORANDUM OF DECISION – 19

reside on the property. Because the law requires an express statement of intent, it would be inconsistent with these instructions for the Court to hold that other evidence of Debtor's intent is sufficient to satisfy the statute. In other words, the Debtor's intent must appear on the face of the declaration; it is not enough that such intent be implied or inferred from other evidence.

Unfortunately, Debtor's Declaration fails to satisfy the statutory requirements for a declaration of homestead. Consistent with prior case law, because it was deficient, the Declaration did not establish an enforceable homestead by declaration as to the Land.

//


//


//


MEMORANDUM OF DECISION – 20

### *Conclusion*

Trustee's objection to Debtor's claim of a homestead exemption as to

the Land is sustained and the exemption claim will be disallowed.  A

separate order will be entered.

Dated:  February 8, 2018

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 21